# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

     **v.**                                  **Criminal Action No. 2:07cr14**

**SARA HENRIQUEZ-GALO a/k/a**
**SARA HENRIQUEZ-HENRIQUEZ a/k/a**
**SARA ISABEL HENRIQUEZ-RUIZ,**
        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Sara Henriquez-Galo, in person and by counsel, L. Richard Walker, appeared before me on May 8, 2007. The Government appeared by Stephen D. Warner, its Assistant United States Attorney. Also came Ana Lahr, a certified Spanish language court and conference interpreter/translator. Thereupon, the clerk administered the interpreter/translator oath to Ana Lahr.

Thereafter, the administered the oath to Defendant after which the Court explained to Defendant and she acknowledged she understood that she had been sworn to testify truthfully and, should she testify falsely, that she could face penalties, including fine and/or imprisonment for perjury, false swearing while under oath or contempt of court that are separate and apart from any penalties she may face as a result of her proposed plea of guilty.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant and Defendant each stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by inquiring of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant after being read to her and translated into her native language by the interpreter/translator and thereafter countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Sara Henriquez-Galo, only after having had her rights fully explained to her and having

a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of up to five (5) years; understood the maximum fine that could be imposed was $250,000; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. **Defendant, through counsel, moved the Court for an expedited sentencing hearing and waived the right to a presentence report. The United States requested a presentence report and for time to give notice to any "victim(s)" in this case but joined in the request for expedited sentencing recognizing that Defendant's probable sentence may be satisfied by the time she has and will have served before sentencing.**

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated April 27, 2007, and signed by her on May 4, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. Defendant's counsel advised that he

4

believed Defendant would fall into the "probation" level under the guidelines, but that he would nevertheless proceed with the plea understanding the written plea agreement was non-binding on the Court.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

The parties stipulate to the following:

(a) The defendant's base offense level under Guideline 2B1.1(a)(2) is 6.

(b) The defendant is an illegal alien, having been born on June 18, 1979, in La Trinidad, Honduras. She entered the United States illegally on or about November 7, 2005.

(c) On January 10, 2006, the defendant used the name and social security of Liliana Garcia, of Harlingen, Texas, to obtain employment in Moorefield, West Virginia. She did this without the consent or knowledge of Liliana Garcia.

(d) In January, 2007, the defendant traveled to Atlantic City, New Jersey, where she filed a 2006 Income Tax Return based on the W-2 form she received from her work in Moorefield, West Virginia, under the alias of Liliana Garcia discussed in the previous paragraph. She filed the 2006 Return using the social security number and name of Liliana Garcia, without the knowledge or consent of Liliana Garcia. The defendant['s] tax refund was $5,124.00, and the Atlantic City tax preparation company kept $524.00. This resulted in a total refund check to the defendant of $4600.00, which she cashed.

(e) Other than any specific offenses characteristics which may arise as a result of the above factual stipulations, there are no other specific offense characteristics.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her Guilty plea.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty,

Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count One of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up upon the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Indictment charging her with false use of a social security number, in violation of Title 42, United States Code, Section 408(a)(7)(B).

The undersigned then heard the testimony of Angela Veronda to form an independent basis in fact for the proposed plea of guilty to the offense charged in Count One of the Indictment.

Angela Veronda testified she is a Special Agent with Immigration and Customs Enforcement ("I.C.E."). She was assigned the investigation of Defendant's case. She first became involved in the case when Moorefield, West Virginia Chief of Police Vetter contacted her. Chief Vetter had been contacted by Liliana Garcia, a resident of the state of Texas. Ms. Garcia had attempted to file

her 2006 IRS Income Tax Return at H&R Block in Texas, but was informed she could not file because a tax return using her name and social security number had already been filed and a refund issued. Ms. Garcia went to her local IRS office and obtained copies of the tax return filed with her name and social security number, which stated the filer was employed at Pilgrim's Pride in Moorefield, West Virginia, and that the tax preparer was located in Atlantic City, New Jersey.

Chief Vetter obtained a search warrant and then obtained the personnel files for the "Liliana Garcia" who was employed at Pilgrim's Pride. He also contacted the tax preparation service in Atlantic City and interviewed Defendant, who informed him of her real name, and that she was an illegal alien and a native of Honduras. Chief Vetter then called ICE. He arrested Defendant on state charges.

SA Veronda met with Defendant for immigration purposes, obtaining her real name. Her investigation showed that Defendant got her job at Pilgrim's Pride on or about January 10, 2006, using Liliana Garcia's name and social security number and a North Carolina state-issued ID card, which was found to be "invalid." She obtained a sworn statement and proof of identification from Liliana Garcia.

Through this investigation Special Agent Veronda determined that Defendant was an illegal alien who had used Liliana Garcia's name and social security number to file an income tax return based on employment at Pilgrim's Pride beginning in January 2006. The income tax filing resulted in a tax refund of $5,124.00 minus tax preparation fees. Further, the income tax return indicated the filer had two dependants, whereas Defendant had only one child. Had Defendant filed based on her actual income and actual number of dependants, her refund would have been less.

Defendant stated under oath that she heard, understood (through the interpreter), and did not disagree with any of SA Veronda's testimony.

Thereupon Defendant, Sara Henriquez-Galo, with the consent of her counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment.

The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by SA Veronda's testimony and the parties' stipulation.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of SA Veronda and the parties' stipulation.

The undersigned concludes that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count One of the Indictment. The undersigned also concludes that an independent basis in fact supports the plea and therefore recommends Defendant's plea of guilty to the felony charge contained Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

**The undersigned further respectfully recommends an expedited PSR and sentencing hearing.**

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 10th day of May, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE